**SOCOTCH, In re.**

Common Pleas Court, Franklin County.

No. 187513. Decided August 10, 1953.

Isadore Topper, Columbus, William J. Kraus, Cleveland, R. Brooke Alloway, Columbus, for appellant.

C. William O'Neill, Atty. Genl., Robert E. Leach, Ralph N. Mahaffey, Asst. Attys. Genl., Columbus, for appellees.

## OPINION

By BARTLETT, J.

This is an appeal from an order of the Board of Liquor Control of May 5, 1953, rejecting appellant's application for the issuance of a D-5 liquor permit for premises located at 5801 Detroit Avenue in Cleveland.

On October 20, 1950, appellant held a D-5 permit No. 35959 for 5801 Clark Avenue in Cleveland, for one year ending October 21, 1951. On November 21, 1950, appellant filed an application to transfer said permit to 5801 Detroit Avenue in Cleveland, which application was rejected by the Director, and on appeal the Board of Liquor Control affirmed the order of the Director. On appeal, Clifford, J., of the Franklin County Common Pleas Court, reversed the order of said Board, an appeal was filed in

the Court of Appeals by said Board which was dismissed for failure to file its brief within rule day and the Common Pleas Court's order was accordingly affirmed. On November 19, 1952, the Supreme Court denied a motion to certify and dismissed an appeal from the Court of Appeals; and a mandate issued to said Board to comply with the order of the Common Pleas Court. In obedience to said mandate, said Board on December 3, 1952, issued an order to said Director to transfer the D-5 permit No. 35959 to 5801 Detroit Ave., effective January 29, 1951, and expiring October 21, 1951; and the Director accordingly, on December 11, 1952, issued a D-5 permit No. 56166 to appellant for the Detroit Ave. address expiring October 21, 1951. December 15, 1952, appellant filed application No. F. 41658 for "Renewal of D-5 permit ordered transferred by judgment of the Court of Common Pleas, Franklin County, No. 183600 * * *." The Director took no action in regard to this application.

On June 28, 1951, appellant placed permit No. 35,959 in departmental safekeeping under Regulation 16, as her lease on the Clark Ave. premises expired and she vacated the premises; on application to renew permit No. 35959, the Department issued appellant on October 21, 1951, permit No. 21509, but did not designate the premises other than "Cleveland, Cuyahoga County." This permit was retained by the Department for safekeeping. Appellant acquired a new lease on the Clark Ave. premises, and on April 16, 1952, requested a return of permit No. 21,509 for the Clark Ave. premises, and she renewed the request April 21, 1952; but the Department refused the request, and appellant filed Mandamus in the Supreme Court for the return of said permit to her by said Department. The Supreme Court refused to order the return of said permit No. 21,509, holding it to be invalid. **State ex rel. Socotch v. Bryant, 158 Oh St 249.** On August 26, 1952, appellant filed application No. F 34086 to renew permit No. 21509 for Clark Ave. premises. The Director took no action on this application.

On November 3, 1952, the appellant filed an appeal with said Board on Failure of the Director to act on her application No. F 34086 for renewal of permit No. 21509; and on February 27, 1953, she filed an appeal with said Board on the Director's failure to act on her application No. F 41658. Before the hearing but after the appeals were filed, the Director rejected both applications; and the Board affirmed the action of the Director and rejected both applications. This appeal is on such finding of the Board.

On January 2, 1953, according to the records of this Court as referred to by both appellant's and the Board's counsel,

the appellant filed an application in contempt in this court, stating the members of said Board had disobeyed the judgment and order of this court, dated April 14, 1952, in that they had failed and refused to effect the issuance to her of a current D-5 permit. Clifford, J., found the Board members in contempt of said order of April 14, 1952, in that they failed and neglected to order the Director to take any action whatever in regard to issuing the appellant a current D-5 permit for 5801 Detroit Ave., but instead limited their order to the Director to the effect that he should merely transfer the permit in effect when appellant filed her application for transfer, which had already expired October 21, 1951.

Clifford, J., further ordered the members of said Board shall purge themselves of such contempt by the issuance of an order to said Director to hold an immediate hearing on the application of the appellant for renewal of her D-5 permit for the Detroit Ave, premises filed December 15, 1952, which order shall direct said Director to renew her D-5 permit for the Detroit Ave. premises; (unless other causes intervene which have not been presented to the Court, and no such other causes intervened as far as this record discloses). The Board held the hearing as ordered by Clifford, J., but refused to comply with his order to the Director requiring the permit to issue. The Board maintained it could not require the Director to so issue the order for appellant's D-5 permit because of the legal effect of the Mandamus case of State ex rel Socotch v. Bryant, supra, and **State ex rel. Jones v. Bryant, 159 Oh St p. 59.** In other words, the excuse of the Board members for not fully complying with the contempt order of Clifford, J., was based on the same grounds as their defense in the contempt proceeding.

The brief of counsel for appellant is silent as to any question about the Board's dismissal of the appeal from the Director's order rejecting application No. F 34086 for renewal of permit No. 21509. The reason for this silence is apparent, since the Supreme Court had held permit No. 21509 invalid in the Mandamus case.

In other words, counsel for appellant now rest the appeal to this Court in the instant case, on the fact that said Board upheld the Director's order, rejecting appellant's application No. 41,658 for renewal of the D-5 permit ordered by the Common Pleas Court of Franklin County (being the permit No. 56,166 as issued by the Director, but which Clifford, J., held was not in compliance with his order, since it was only a paper compliance—a naked, expired permit).

The appellant in the instant case seeks an order by this

Court requiring the renewal of her D-5 permit for the Detroit Ave. premises, which is the identical order made by Clifford, J., in the contempt proceeding in Case No. 183,600 on the Dockets of this Court; and the question of legality of that order by Judge Clifford is now pending on appeal in the Court of Appeals of this District.

Why a second order by this court of the same import as the one made by Clifford, J., while an appeal is pending to test the legal basis of the order already made? If the order of Clifford, J., is sound legally, it need not be fortified by a subsequent order of the same nature; and this Court should not tolerate any action that would tend to stymie a perfectly proper appeal from a decision of this court, already pending in the Court of Appeals. The Court must not by false vanity become so obsessed with the sanctity of its own opinions, that it does not welcome a proper review of its actions in the appellate courts.

This Court exhausted its jurisdiction when Clifford, J., made his final order which required the renewal of appellant's D-5 permit for the Detroit Ave. premises; and the Court of Appeals having acquired jurisdiction of the subject matter of that order, retains jurisdiction until it renders a final judgment thereon. **Bolles v. Stockman, 42 Oh St 445.** The Court of Appeals acquired the right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals. **Keating v. Spink, 3 Oh St 105, 6 Oh St 206.** Two courts cannot take jurisdiction of the same persons and the same subject matter at one and the same time. Kappes v. State, 5 C. C. (n. s.) 183.

It is a rule founded upon comity which does, and, for the prevention of unpleasant collision, should always subsist between judicial tribunals, that where a court of general jurisdiction, and legally competent to determine its own jurisdiction, has acquired prior jurisdiction, **de facto,** over person or subject matter, no other court will interfere with or seek to arrest its action while the case is still pending and undetermined. **Ex Parte Bushnell, 8 Oh St 599.** This rule of comity is all the more commendable where such court's own action is under review in the appellate court.

This court might follow a common practice of holding the instant case until the case in the appellate court is finally decided; it could sustain appellant's appeal which might destroy the benefits of an appeal in the contempt case in which Clifford, J., ordered a renewal of the D-5 permit in question, since the Supreme Court has recently held that the Board of Liquor Control has no right of appeal from a judg-

ment. of this court rendered on appeal from a decision of said Board. **Corn, etc. v. Board of Liquor Control et al. 160 Oh St 9.** Such a decision is forbidden by a proper regard not only for comity between courts, but a proper respect for the right of the litigants to seek a review of the decision of this court; and, finally, this court may dismiss the appeal of the appellant as not being supported by substantial evidence and not in accordance with law, since this Court lacks jurisdiction to entertain the appeal while the subject matter thereof is pending and undisposed of in the Court of Appeals between the same parties. Such is the holding of this Court.

Since the contempt order will not be heard in the Court of Appeals until the Fall Term of court, the appellant may appeal to that court from the decision of this court in the instant case, and thereupon either of the parties may seek a consolidation for review of the instant case and the contempt case, since both cases are between the same parties and involve the same subject matter.

Appeal dismissed. Entry accordingly with exceptions by counsel for appellant.